﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191203-47933
DATE: September 29, 2020

ORDER

Entitlement to a disability rating of 60 percent for prostate cancer is granted effective February 20, 2019.

REMANDED

Entitlement to an increased disability rating for residuals of prostate cancer, rated as 20 percent disabling from April 1, 2016 to January 24, 2018, and as 40 percent disabling from January 24, 2018 to February 19, 2019, is remanded.

Entitlement to a total disability rating based on individual unemployability due to a single service-connected disability is remanded.

FINDING OF FACT 

From February 20, 2019, the Veteran's service-connected prostate cancer has been manifested by a voiding dysfunction requiring the wearing of absorbent materials that must be changed more than 4 times per day.

CONCLUSION OF LAW

The criteria for a disability rating of 60 percent for prostate cancer, effective February 20, 2019, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.105, 4.1, 4.7, 4.115A, 4.115B, Diagnostic Code 7528.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from August 1968 to August 1972; for his meritorious service, the Veteran was awarded (among other decorations) the Vietnam Service and Campaign Medals.

A brief recitation of how this case arrived before the Board of Veterans’ Appeals (Board) is instructive. In February 2018, a Department of Veterans Affairs (VA) Regional Office (RO) issued a rating decision granting the Veteran’s claim for service connection for prostate cancer. That rating decision granted a 100 percent rating for the period from September 9, 2015 (the date the Veteran filed his claim for service connection) to April 1, 2016, at which time a 20 percent rating for residuals of prostate cancer was assigned.

In March 2018, the Veteran filed a claim for a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). In response, the RO scheduled the Veteran for a new examination for his residuals of prostate cancer in April 2018. The RO then issued a rating decision in June 2018 that increased the Veteran’s rating to 40 percent, effective January 24, 2018 (the date that the RO had received a separate intent to file). 

The RO separately granted the Veteran’s TDIU claim in a September 2018 rating decision, assigning an effective date of April 10, 2016.

In February 2019, the Veteran filed a notice of disagreement under the legacy appeals system with the rating assigned for his prostate cancer residuals. In October 2019, the RO issued a statement of the case as to that issue. In response, in December 2019, the Veteran filed a Notice of Disagreement under the modernized review system (known by the Board as the AMA). The Veteran selected direct docket review.

A few notes are important. First, as new and material evidence was obtained within a year of the February 2018 rating decision (namely, the April 2018 VA examination), that earlier decision was never final. Thus, in reviewing the Veteran’s claim, the Board will analyze the entire period from April 1, 2016 to the present.

Second, with regard to TDIU, the Veteran’s attorney has argued that an earlier effective date is warranted. In this case, the Veteran was rated at 100 percent until April 1, 2016, and a TDIU was thereafter granted effective April 10, 2016. VA pays benefits in arrears; that is to say, that because the Veteran’s TDIU claim was granted with an effective date of April 10, 2016, his April 2016 payment would be at the 100 percent rate already. Granting a TDIU as of 9 days earlier would have no practical effect at this moment. 

That said, VA has a duty to maximize benefits, and a TDIU may be awarded for the Veteran’s residuals of prostate cancer alone, possibly qualifying him for special monthly compensation benefits. Thus, the Board has raised the issue of entitlement to a TDIU based solely on the Veteran’s prostate cancer residuals; that issue is remanded for further development.

Finally, as the Veteran filed his AMA notice of disagreement within 60 days of the issuance of the statement of the case in his former legacy proceeding, the Veteran is considered to have validly opted into the AMA. 38 C.F.R. § 19.2. Because the Veteran selected direct docket review, the Board shall review all evidence in the file as of the date of the issuance of the SOC. 38 C.F.R. § 20.301.

Entitlement to an increased rating for prostate cancer

The Veteran asserts that he is entitled to a higher disability rating for his prostate cancer which is currently rated at 40 percent. 

The Veteran's prostate cancer was rated 100 percent disabling under DC 7528. DC 7528 provides a 100 percent evaluation for malignant neoplasms of the genitourinary system (i.e., prostate cancer); however, a Note following DC 7528 provides that following the cessation of surgical, x-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months.

The Note to DC 7528 further provides that if upon examination no evidence exists of a local reoccurrence or metastasis of prostate cancer, an evaluation of any residuals is warranted, either as voiding dysfunction or renal dysfunction, whichever is predominant. See 38 C.F.R. §§ 4.115A, 4.115B, DC 7528, Note.

Under 38 C.F.R. § 4.115A, a 20 percent rating is warranted for voiding dysfunction when such requires the wearing of absorbent materials which must be changed less than 2 times a day; or daytime voiding intervals between one and two hours, or awakening to void three to four times per night. A 40 percent rating is warranted when the voiding dysfunction requires the wearing of absorbent materials which must be changed 2 to 4 times per day; or for daytime voiding intervals less than one hour, or awakening to void 5 or more times per night. Lastly, a 60 percent rating is warranted when the voiding dysfunction requires use of an appliance or the wearing of absorbent materials which must be changed more than 4 times per day.

As pertinent to this decision, the Veteran submitted the results of a private prostate cancer residuals examination performed on February 20, 2019. In that examination, the private examiner confirmed that the Veteran’s prostate cancer was in remission and experienced post-operation complications in the form of a voiding dysfunction. The Veteran reported that he experiences voiding dysfunction that requires absorbent material which must be changed more than 4 times a day. The Veteran reported a daytime voiding interval of less than 1 hour, and nighttime awakening to void 5 or more times. 

The Board finds that the Veteran’s symptoms warrant a rating of 60 percent for his prostate cancer, pursuant to 38 C.F.R. § 4.115a. In determining whether the Veteran warrants a higher rating for his service-connected disability, the Board finds that a rating higher than 60 percent is not warranted. Specifically, the Veteran is now in receipt of the highest rating for voiding dysfunction and would not warrant a rating higher for his prostate cancer residuals unless he experiences renal dysfunction with persistent edema and albuminuria, or generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion. Here, the evidence of record does not support a finding that the Veteran experiences such symptoms. Thus, a disability rating of 60 percent, but no higher, is granted for the Veteran’s service-connected prostate cancer from February 20, 2019.

REASONS FOR REMAND

1. Entitlement to an increased rating for residuals of prostate cancer prior to February 20, 2019, is remanded.

2. Entitlement to a TDIU based solely on the Veteran’s residuals of prostate cancer is remanded.

As noted above, the Board has granted an increased rating for the Veteran’s prostate cancer residuals effective from the point that it is currently factually ascertainable that the Veteran met the criteria for a 60 percent rating. In staged ratings cases such as this, however, the Board has a duty to review not simply the ratings assigned, but also the propriety of the dates of the stages.

Here, prior to February 20, 2019, there is varying evidence as to the severity of the Veteran’s prostate cancer residuals. A December 2017 VA examination found that the Veteran did not use absorbent materials, and that he had urinary frequency of daytime voiding between one and two hours, and that he awoke to void three to four times per night. Such findings are consistent with the 20 percent rating currently assigned to this period.

Less than six months later, however, an April 2018 VA examination found that the Veteran did wear absorbent materials that had to be changed 2 to four times per day, and that he had urinary frequency intervals of less than one hour during the daytime and awakening to void five or more times per night. These findings are consistent with a 40 percent rating

In a March 2018 statement, the Veteran described symptoms of urinary leakage and frequency, but did not specifically state that he wore absorbent materials and, if so, how often such materials had to be changed.

Under these circumstances, the Board cannot say what disability picture most closely approximates the Veteran’s symptoms from this time, nor can the Board say whether the Veteran met the criteria for a 60 percent rating prior to the date assigned above.

Considering the conflict between the findings of the February 2019 private examination and the earlier statement from the Veteran and the VA examinations of December 2017 and April 2018, further guidance is needed. As this conflict existed at the time of the October 2019 statement of the case, it was a predecisional duty to assist error not to have obtained a new or review examination, requiring a remand. 38 C.F.R. § 20.802.

With respect to a TDIU, both the Veteran’s March 2018 statement and the February 2019 private examination raise the issue of whether the Veteran’s prostate cancer residuals alone would have precluded the Veteran’s ability to secure or follow a substantially gainful occupation. To not have performed further inquiry on this matter is a separate duty to assist error, and this must also be addressed on remand.

Under the AMA, the Board may only direct development specific to rectifying the duty to assist errors identified. That said, the Veteran is free to supplement the record with evidence as well, including any statements from himself or anyone else with personal knowledge as to his prostate cancer residuals from April 1, 2016 and thereafter, or with a review examination or opinion from a competent professional regarding the information the Board seeks. 

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and severity of his prostate cancer residuals. The examiner is to review the Veteran’s claims file, to include a copy of this remand, prior to answering the questions outlined below. 

After examining and interviewing the Veteran, the examiner is to specifically state:

a. Based on your examination and interview of the Veteran, what are the residuals of the Veteran’s prostate cancer since April 1, 2016? Specifically, the examiner must provide information regarding the Veteran’s daytime and nighttime urinary frequency, when the Veteran began wearing and using absorbent materials, and how often those materials had to be changed.

b. Since April 1, 2016, what are the occupational effects that resulted from the Veteran’s prostate cancer residuals? Specifically, state how long it is likely the Veteran would have been able to complete occupational tasks without having to void, and whether occupational tasks such as stooping, bending, or lifting would result in urinary leakage. 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. K. Hall, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.